Victoriano González, Appellant, v. Registrar of Property of Arecibo, Respondent.

No. 949. Submitted March 8, 1935.—Decided March 15, 1935.

José Córdova Rivera for appellant. The registrar appeared by brief.

Mr. Justice Córdova Dávila delivered the opinion of the court.

Matea Evangelista López Delgado mortgaged an urban property belonging to her in favor of the minors Felipe and Pedro Liciaga Cantre, to secure a loan of $1,096. This property was put up at auction for the collection of taxes and sold by the People of Puerto Rico to the appellant, Victoriano González, for the sum of $81. Notice of the sale was served upon the owner of the property, Matea Evangelista López Delgado, and upon Josefa Cantre, on behalf of the minors Felipe and Pedro Liciaga Cantre, as mortgage creditors. A certificate of sale was issued to the purchaser and when this certificate was presented for record in the registry of property, the respondent registrar denied the record and entered in lieu thereof a cautionary notice, for the reason that ''Josefa Cantre has been notified on behalf of the minors Felipe and Pedro Liciaga Cantre, without any statement as to her capacity to represent the aforesaid minors.''

It is contended that this denial was erroneous, because Josefa Cantre was notified on behalf of the minors and because it appears from the registry that said Josefa Cantre is the mother with *patria potestas* over such minor children.

■■ The appellant maintains that in the mortgage deed recorded in the registry of property, the minors Felipe and Pedro Liciaga Cantre appear, represented by their mother with *patria potestas,* Josefa Cantre Adorno, and that the owner of the property, Matea Evangelista López, states that she has received from the former, a widow, of legal age, and resident of Barceloneta the sum of $1,096, belonging to her minor sons; and further that in view of this information, the registrar by his denial exceeded his power to deprive the appellant of the registration sought. The registrar on the contrary, maintains that Mrs. Josefa Cantre appears to have been notified on behalf of the minors, without any statement as to her legal capacity to represent the minors, in order that

it might be determined whether the service of the notice was properly made. He adds that when the mortgage deed was recorded, Josefa Cantre Adorno appeared, as mother and representative of the minors, and that in the certificate of sale mention is only made of Josefa Cantre, without stating her second surname or whether she is the mother of the minors. Section 315 of the Political Code requires that all persons who may hold a mortgage or other lien upon the property sold be notified of the sale. In order for the purchaser to be vested with title by the tax sale, it is necessary to show that notice of the sale has been served on the interested parties. *Salgado* v. *Registrar,* 26 P.R.R. 157; *Moraza* v. *Registrar,* 45 P.R.R. 804, 806.

The respondent argues that the documents which are presented to the registry should contain all the requisites necessary for their registration and should be drafted with clarity, in order that they may be passed upon without leaving it to the discretion of the registrar to interpret them in the light of other facts appearing in the registry. We agree that when minors are concerned, the legal relationship which they bear to the person who is notified on their behalf ought to be stated, in order that the registrar may know whether the requirements of the law have been complied with or not; but we think that this omission may be cured if such relationship is shown satisfactorily by means of an authentic document. In the instant case we have one doubt. It is true that the mortgage constituted in favor of the minors represented by their mother with *patria potestas,* Josefa Cantre Adorno, was recorded in the registry, but the registrar says that the notice of sale of the mortgaged property appears to have been served on Josefa Cantre, omitting her second surname and without stating that she is the mother of the minors. Although everything would seem to indicate that the same person is involved, nevertheless, since there is a possibility that this is not so, we think that it ought to have been duly shown that this Josefa Cantre on whom notice of

the sale was served is the identical person named Josefa Cantre Adorno, mother with *patria potestas* over the aforesaid minors.

For this sole reason, the decision appealed from must be affirmed.